UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEFT FIELD HOLDINGS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 22-cv-01462-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 44 |

　　　　The plaintiffs in this case don't like how Google facilitates online orders from their restaurants. They try to articulate claims for trademark infringement, counterfeiting, false association, and false advertising. They don't succeed, especially considering Rule 9(b)'s heightened pleading requirements for claims sounding in fraud.[1]

　　　　One of the plaintiffs' theories is that the "Order Online" or "Order Delivery" button is misleading by itself because it is near the restaurant's name and is surrounded by links that would otherwise "directly connect the consumer to the restaurant." Dkt. No. 41 at 14–15. It is true that the "Website" and "Call" links would do so. Whether a "Directions" link connects someone directly to a destination is debatable. But in any case, an equally prominent button allows the user to save the restaurant within their Google account to find later. There is also a star rating and a blue link to "Google reviews," which are obviously not provided by the restaurant. In context, the contested button is not false association or false advertising. And the use of the restaurant's name here is a textbook example of nominative fair use: There is no other

---

[1] This order assumes the reader is familiar with the case.

way to identify the restaurant; Google uses only the plain name, not a stylized logo; and there is no improper suggestion of sponsorship or endorsement. *New Kids on the Block v. News America Publishing, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Finally, in no way does this page conceivably amount to counterfeiting.

When a user clicks the "Order Online" or "Order Delivery" button, they will sometimes be taken to a page where they can place a delivery order for food from the restaurant. Dkt. No. 41 at 16. The plaintiffs claim that orders from this page are sent to a delivery provider "unbeknownst to the restaurant." *Id.* at 18. But the involvement of a delivery provider is not hidden from the user. The plaintiffs' screenshots show that the order will be processed by "Delivery Dudes," a delivery provider that apparently charges a $2.99 delivery fee but requires no minimum order and promises delivery within 45 minutes. *Id.* at 16–18, figs. 5, 6, 8. The complaint further alleges that if there are multiple delivery providers available, the user selects which to use. *Id.* at 17. Those facts are not consistent with false association or false advertising. The use of the restaurant's mark here is also nominative fair use, since it does not improperly imply an association with the restaurant. This use is also not counterfeiting: A customer who places an order gets food from the restaurant, not Google.

If a user isn't taken to a "storefront" page to place an order, they will instead see what the plaintiffs call a "landing" page. The landing page shows a list of options to place an order for pickup or delivery. *Id.* at 24, fig. 10. It is difficult to imagine how a page like this could support any of the plaintiffs' claims. But the biggest problem is that the plaintiffs omitted the page's footer, which features a prominent Google logo—undercutting the theory that the page is misleading.[2] Perhaps this was inadvertent. But in a complaint alleging misleading design choices, cropping out such an important part of the page raises serious Rule 11 concerns about the twelve lawyers who signed the amended complaint. Those lawyers include Hausfeld partners

---

[2] The full page was provided by Google, Dkt. No. 45-6, and may be considered in resolving this motion because it is incorporated by reference in the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court did not consider the other exhibits to Google's request for judicial notice in deciding this motion.

Michael Lehmann and Bonny Sweeney; Sperling & Slater partners Eamon Kelly, Trevor Scheetz, Bruce Sperling, and Joseph Vanek; and Keller Lenkner (now Keller Postman) partners Seth Meyer and Jason Zweig.

The complaint is dismissed with leave to amend. Any amended complaint is due within 21 days of this order. The initial case management conference is set for February 15, 2023. A case management statement is due February 8, 2023.

**IT IS SO ORDERED.**

Dated: November 18, 2022

VINCE CHHABRIA
United States District Judge